

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2006

# Ablestein v. Secretary Agri

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ablestein v. Secretary Agri" (2006). *2006 Decisions.* Paper 1110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1785
_____

David H. Ablestein
                    Appellant
                    vs.

Anne Veneman, Secretary,
U.S. Department of Agriculture

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-00910)
District Judge: Honorable Joseph A. Greenaway, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2006
Before: FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES

(Filed May 15, 2006)
_____

OPINION
_____

PER CURIAM.

        David Ablestein filed a *pro se* complaint against Anne Veneman, Secretary

of Agriculture, United States Department of Agriculture ("USDA"), alleging a hostile

work environment and wrongful termination based on sex and disability. He appeals the

District Court's dismissal of the case for failure to consult a counselor from the Equal

Opportunity Employment Commission ("EEOC") within 45 days of his dismissal from the agency as required by 29 C.F.R. § 1614.105(a)(1) (1999). For the reasons which follow, we will vacate the judgment of the District Court and remand for further proceedings.

I.

As we write primarily for the parties, we will discuss only the facts relevant to our disposition of this appeal. Ablestein was dismissed from employment as a Plant Protection and Quarantine Officer at the Newark International Airport on May 1, 2000. On May 30 he filed an appeal with the Merit Systems Protection Board ("MSPR"). After Ablestein indicated to an EEOC counselor that he intended to withdraw the MSPR complaint, the counselor granted him an extension to file a complaint using the EEO process on August 8. The EEOC sent Ablestein a "right to sue" notice on October 6, and he filed a formal complaint with the EEOC on October 19.

Meanwhile, Ablestein withdrew his MSPB complaint on September 2, 2000, and the Administrative Judge for the MSPB dismissed the case without prejudice on September 12. After pursuing a whistleblower complaint with the Office of Special Counsel for nine months, Ablestein reinstated his MSPB appeal in June 2001, and added a complaint for whistleblower retaliation. The MSPB appeal was dismissed in April 2002 for lack of jurisdiction, but the Office of Federal Operations reversed the decision in October of 2002.

Ablestein subsequently withdrew his EEOC complaint and filed the present

2

action in March 2004.  The District Court dismissed his complaint under Rule 12(b)(6) for failure to state a claim.  This appeal followed. We have jurisdiction under 28 U.S.C. § 1291 and review the dismissal *de novo*. Wheeler v. Hampton Tp., 399 F.3d 238 (3d Cir. 2005).

## II.

The District Court held that Ablestein failed to contact an EEOC counselor within the 45-day time period mandated by 29 C.F.R. § 1614.105(a)(1) and therefore dismissed the case for failure to exhaust administrative remedies.  The District Court explained that Ablestein could not "bootstrap" the August counselor contact into a timely filing under 29 CFR § 1614.302(b).  Section 302(b) provides that if a person contacts a counselor within 45 days of the jurisdictional dismissal of a MSPB appeal, the filing of the MSPB appeal will be deemed the initial counselor contact required under § 105(a)(1).

The District Court erred by finding that Ablestein did not comply with the 45-day time limit under § 105(a)(1).  The next paragraph, § 105(a)(2), provides that the USDA:

> shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them . . . or for other reasons considered sufficient by the agency or the Commission.

29 CFR § 1614.105(a)(2).  The record before the District Court clearly shows that the EEO counselor granted such an extension.

The USDA argues that the extension only pertained to the MSPB appeal.

3

This argument is unpersuasive. The counselor's report states that Ablestein had withdrawn his MSPB appeal and would be now filing an EEO complaint. The EEOC sent Ablestein a "right to sue" notice a few days after the counselor's report. Ablestein filed his EEOC complaint a few days later. Further, Ablestein did not need an EEO counselor contact to pursue his MSPB appeal.

Section 105(a)(2) grants the EEOC substantial discretion to waive the time limit in appropriate circumstances. Because the EEO counselor, with authority from § 105(a)(2), waived the 45-day time limit, the District Court erred by dismissing the suit under 29 C.F.R. § 1614.105(a)(1).

Accordingly, we will vacate the judgment of the District Court and remand for further proceedings.[1] Appellant's motion for summary reversal is denied as moot; his remaining motions are denied.

---

[1] In the alternative, the USDA asks us to affirm on the merits. However, as the standard of review for an order dismissing a complaint under Rule 12(b)(6) implies, such an outcome would be singularly inappropriate here. For obvious reasons the District Court conducted no inquiry into the merits of Ablestein's complaint, and we have no other basis for concluding that it appears beyond doubt that Ablestein can prove no set of facts in support of his claim which would entitle him to relief. Wheeler v. Hampton Tp., 399 F.3d 238, 242 (3d Cir. 2005).